NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEIDI BRENDALY BERMUDEZ-AYALA; EDRIC RUBIO-BERMUDEZ, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-1033 <br><br> Agency Nos. <br> A220-146-640 <br> A220-146-641 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 7, 2025
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.
Concurrence by Judge CALLAHAN.

Heidi Brendaly Bermudez Ayala ("Ayala") and her son (collectively,

"petitioners") petition for review of the Board of Immigration Appeals' ("BIA")

denial of her motion to reopen based on ineffective assistance of counsel for failure

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

to file an opening brief before the BIA.[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. Garland*, 2 F.4th 823, 829 (9th Cir. 2012). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law." *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)).

To assert an ineffective assistance of counsel claim in a motion to reopen, petitioners must show that their counsel's performance was "egregious" and that they experienced "substantial prejudice" as a result. *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022). When a petitioner "is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives [them] of the appellate proceeding entirely [and] . . . mandates a presumption of prejudice." *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)) (cleaned up). To rebut the "presumption of prejudice," the BIA must find that the petitioner does not have "plausible grounds for relief" on the underlying claims. *Ray v. Gonzalez*, 439 F.3d

---

[1]  Ayala's son seeks asylum as a derivative beneficiary under 8 U.S.C. § 1158(b)(3)(A) and seeks withholding of removal and protection under the Convention Against Torture in a separate application for relief. His application for relief rises and falls with his mother's.

582, 589 (9th Cir. 2006) (quoting *Dearinger*, 232 F.3d at 1046).

Petitioners must also satisfy three procedural requirements outlined in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1998). *Hernandez-Ortiz*, 32 F.4th at 801. Under *Lozada*, petitioners must (1) "submit an affidavit to the BIA explaining the agreement with counsel," (2) "notify counsel of the allegations and allow counsel time to respond," and (3) "file a complaint against counsel with the 'appropriate disciplinary authorities,' such as the state bar (or explain why such a complaint was not filed)." *Id.* (quoting *Lozada*, 19 I. & N. Dec. at 639). But when ineffective assistance is "plain on the face of the administrative record," petitioners are relieved of *Lozada*'s technical requirements. *Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (quoting *Escobar-Grijalva v. INS*, 206 F.3d 1331, 1335 (9th Cir. 2000)).

Even assuming petitioners satisfied *Lozada*'s procedural requirements or that the ineffective assistance of counsel is plain on the face of the record, petitioners are not entitled to relief because petitioners' counsel conceded at oral argument that they cannot state plausible grounds for protection under the Convention Against Torture, and the BIA found that petitioners failed to show plausible grounds for relief for asylum or withholding of removal. The BIA's finding was not an abuse of discretion. To establish eligibility for asylum or withholding of removal, petitioners must show a "causal nexus" between a protected ground and either "past harm or [an] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th

1012, 1016 (9th Cir. 2023). Ayala has not shown that her husband's abuse was on account of a protected ground and thus has not met the nexus requirement. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001) (holding that personal disputes do not satisfy the nexus requirement). Petitioners have therefore failed to demonstrate that they suffered prejudice from any ineffective assistance of counsel, and the BIA did not act arbitrarily, irrationally, or contrary to the law in denying their motion to reopen.

The petition is **DENIED.**

***Bermudez-Ayala v. Bondi*, No. 24-1033**

CALLAHAN, Circuit Judge, concurring in the judgment:

I concur in the denial of Ayala's petition, but would deny the petition on the ground that Ayala did not comply with any of the *Lozada* requirements. *Matter of Lozada*, 19 I.&N. Dec. 637, 639 (BIA 1988). "*Lozada* is intended to ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." *Castillo-Perez v. INS*, 212 F.3d 518, 526 (9th Cir. 2000).

It is for this reason that petitioners must submit an affidavit to the BIA "attesting to the relevant facts," including details of "the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the [petitioner] in this regard." *Lozada*, 19 I.&N. Dec. at 639. *See also Reyes v. Ashcroft*, 358 F.3d 592, 597–98 (9th Cir. 2004) ("There are compelling policy reasons to maintain a strong affidavit prerequisite when motions to reopen attempt to raise genuine questions of fact. . . . Affidavits serve a particularly important function in ineffective assistance challenges because they generally supply the primary factual basis upon which the IJ must determine whether a petitioner's ineffective assistance claim warrants a full hearing."). Details of the attorney-client agreement establish that the client "objectively indicated his intent to appeal." *Roe v. Flores-Ortega*, 528 U.S. 470,

485 (2000).  Here, we wholly lack this information, so we have no basis to conclude that Ayala, "but for counsel's deficient conduct, [] would have appealed." *Id.*  Accordingly, we cannot conclude that there is a "legitimate" ineffective assistance of counsel claim.  *Castillo-Perez*, 212 F.3d at 526.